# United States Court of Appeals for the Fifth Circuit

———————

No. 25-40150
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DARREN TRAMAINE JACKSON,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:22-CR-102-1

———————————————————

Before DAVIS, WILSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:*

A jury convicted Darren Tramaine Jackson of conspiracy to possess with intent to distribute and distribution of 50 grams or more of actual methamphetamine (Count 1) and possession with intent to distribute 50 grams or more of actual methamphetamine (Count 2). The district court sentenced him to concurrent terms of 260 months of imprisonment and five

————————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

years of supervised release. On appeal, he contends that the evidence is insufficient to sustain his convictions and that the district court plainly erred by admitting evidence of his prior drug conviction under Federal Rule of Evidence 404(b).

As to the sufficiency of the evidence on Count 1, we are unpersuaded by Jackson's arguments about the lack of direct evidence of a knowing agreement because such evidence is not required, and the Government presented sufficient circumstantial evidence from which a rational juror could infer that Jackson and the passenger in his vehicle had entered an agreement to distribute the methamphetamine found in the vehicle. *See United States v. Bams*, 858 F.3d 937, 944-45 (5th Cir. 2017); *United States v. Williams-Hendricks*, 805 F.2d 496, 502-03 (5th Cir. 1986); *United States v. Vasquez*, 677 F.3d 685, 694 & n.3 (5th Cir. 2012).

As to Count 2, the Government presented sufficient evidence for the jury to conclude that Jackson had knowledge of and access to the drugs in the plastic bag in the backseat of the vehicle, in addition to control and ownership of the vehicle. *See United States v. Shabazz*, 993 F.2d 431, 441 (5th Cir. 1993); *United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012).

Finally, we hold that Jackson has not shown that admitting evidence of his prior drug conviction amounts to plain error, given that his intent and knowledge of the drugs were central issues at trial and the court provided the jury a limiting instruction as to the extrinsic offense evidence. *See United States v. Duffaut*, 314 F.3d 203, 209-10 (5th Cir. 2002); *United States v. Valenzuela*, 57 F.4th 518, 522-23 (5th Cir. 2023); *United States v. Arnold*, 467 F.3d 880, 885 (5th Cir. 2006).

Accordingly, the judgment of the district court is AFFIRMED.